NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS S. GRANT, JR.,<br><br>　　Plaintiff,<br><br>　　v.<br><br>JOHN MANFREDA, ESQ., former Administrator C.T.A. of the Estate of Louis S. Grant, Sr.,<br><br>　　Defendant. | Civil Action No. 18-10672 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** is before the Court by way of John Manfreda, Esq.'s ("Defendant") motion for summary judgment. (ECF No. 80 ("Def. Mot").) Plaintiff Louis S. Grant, Jr. ("Plaintiff") opposes this Motion. (ECF No. 80-3 ("Pl. Opp.").) Because the jurisdictional statement in this case has been insufficiently pled as it relates to Defendant's citizenship and residence—and therefore, the Court cannot ascertain if complete diversity in this case exists—the Court directs the parties to show cause within twenty (20) days of this Memorandum Order as to why complete diversity in this case exists and why the Complaint should not be dismissed for lack of subject matter jurisdiction. The Court therefore administratively terminates without prejudice the motion for summary judgment pending the resolution of this briefing. (*See* ECF No. 80.) The motion for summary judgment will be reopened should the issue of subject matter jurisdiction be resolved.

On February 13, 2001, Plaintiff's father, Louis S. Grant, Sr. ("Senior") passed away. (ECF No. 80 at 4 ("DSUMF") ¶ 1.) Senior's death resulted in protracted litigation surrounding the

disposition of Senior's Estate amongst his three children—including Plaintiff.[1] On June 15, 2018—around five years after the publication of the most recent state court opinion—Plaintiff filed his Complaint against Defendant in this Court. (*See* ECF No. 1.) Invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff sets forth two state law causes of action: Breach of Fiduciary Duties (Count I) and Legal Malpractice (Count II). Defendant declined to file a motion to dismiss the matter, and instead, filed his Answer on October 12, 2018. (*See* ECF No. 5.) Thus, the present motion for summary judgment is the first dispositive motion before the Court.

Following a long period of motion practice surrounding the parties' discovery obligations, the case was reassigned to the undersigned on May 15, 2023. (*See* ECF No. 72.) The undersigned referred the case to mediation on June 6, 2023. (*See* ECF No. 76.) After mediation between the parties failed, (*see* ECF No. 78), the present motion for summary judgment was fully briefed in May 2024. (*See* ECF No. 80.)

For the purposes of diversity jurisdiction, "[a] natural person is deemed to be a citizen of the state where he is domiciled." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)).[2] Upon its review of the record, the Court

---

[1] This litigation occurred in New Jersey state court and included at least three separate cases that went on appeal. *E.g.*, *In re Estate of Grant*, No. A-2014-04T2, 2007 WL 1284913, at *1 (N.J. Super. Ct. App. Div. May 3, 2007) ("*Grant I*"); *In re Estate of Grant*, No. A-0078-09T2, 2010 WL 4940031, at *1 (N.J. Super. Ct. App. Div. Dec. 7, 2010) ("*Grant II*"); *In re Estate of Grant*, No. A-3658-11T3, 2013 WL 2300994, at *1 (N.J. Super. Ct. App. Div. May 28, 2013) (appended to Defendant's Motion at Ex. B) ("*Grant III*"). The present case is the first case filed in federal court surrounding this matter.

[2] As explained by the Third Circuit:
> A party's citizenship for purposes of subject matter jurisdiction is synonymous with domicile. *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006). Domicile is an individual's "true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Id.* (citing *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). Therefore, . . . domicile is established by a party's physical presence in a state with an intent to remain there indefinitely. See *Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995).

finds *sua sponte* that diversity jurisdiction has been insufficiently pled as no facts surrounding Defendant's domicile and citizenship have been pled. Although the lack of subject matter jurisdiction has not been raised by Defendant, the Court is bound to review the basis of its own subject matter jurisdiction, and the Court may raise the issue of a lack of subject matter jurisdiction at any time. *Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) (stating that the "lack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time." (internal citations omitted)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)). Addressing subject matter jurisdiction at this juncture is appropriate in light of the fact that there has been no decision yet rendered in this case. And indeed, since a judgment entered by a court that lacks subject matter jurisdiction is void, the Court now evaluates this jurisdictional basis. *See Armstrong v. Burdette Tomlin Mem'l Hosp.*, No. 00-3441, 2006 WL 1891759, at *4 (D.N.J. July 7, 2006) (collecting cases regarding the voiding of a judgment where subject matter jurisdiction did not exist).

In this case, Plaintiff invokes this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 given that Plaintiff is a resident of Pennsylvania, (ECF No. 1 ("Compl.") ¶ 4), and Defendant is "an attorney licensed to practice in the State of New Jersey with a law office located . . . in Hunterdon County, Sate [sic] of New Jersey." (*Id.* ¶ 5). Plaintiff pleads that the amount in controversy exceeds $75,000.[3] However, the Complaint fails to state the citizenship of Defendant,

---

*Frett-Smith v. Vanterpool*, 511 F.3d 396, 400–01 (3d Cir. 2008).

[3] While the amount in controversy in this case is inartfully pled, courts "generally rely on the plaintiff's allegations of the amount in controversy contained in the complaint." *Roy v. Ramsey Moving Sys.*, No. 15-3330, 2016 WL 1163932, at *2 (D.N.J. Mar. 23, 2016) (citations omitted). Dismissal on an insufficiently pled jurisdictional amount "is appropriate if the defendant can demonstrate that the jurisdictional amount cannot be met, or if, from the proof, it appears to a legal certainty that the plaintiff is not entitled to that amount." *Id.* No such allegations by Defendant have here been raised nor is there any indication from the

and accordingly, the Court cannot be certain that complete diversity exists in this matter. Instead, Plaintiff only states that Defendant is "an attorney licensed to practice in the State of New Jersey with a law office located in . . . Hunterdon County . . . ."[4] (Compl. ¶ 5.) Further confusing matters, an "Affidavit of Merit" is cited at the end of this statement which appears wholly unrelated to Defendant's domicile or citizenship. This Affidavit of Merit is appended to the Complaint as Exhibit A, and it is an affidavit completed by another individual—Kathleen McCormick Campi, Esq.—which outlines Ms. Campi's professional opinion in support of Plaintiff's Complaint. (*See* ECF No. 1-1.) This provides no clarity on the question of complete diversity, and instead, deepens the Court's uncertainties that complete diversity exists.

Overall, this is an insufficient jurisdictional statement to invoke diversity jurisdiction. *See Schultz v. Cally,* 528 F.2d 470, 473 (3d Cir. 1975) (noting that where plaintiff alleged defendant was an "Attorney at Law of the State of New York, having his principal place of business at 150 Broadway, New York City, New York[,]" this was insufficient to plead diversity jurisdiction and "[s]ince there [were] no other allegations even arguably relevant to the citizenship of the parties, the complaint fail[ed] to set forth the elements of the claimed diversity."); *Rosario v. Hassan*, No. 13-1509, 2013 WL 2182342, at *2 (D.N.J. May 17, 2013) ("The citizenship of Defendant is not set forth in the Complaint. The Complaint identifies the Defendant as Yusuf M. Hassan, Attorney

---

record that Plaintiff's alleged assumption of "97.8%" of the Estate's debt and taxes owed would be less than $75,000.

[4] Within the summary judgment record, there are no facts that would elucidate this issue. For example, in Defendant's Answers to Plaintiff's Interrogatories, no address is listed for Defendant, and it is noted that he can be contacted "through counsel." (ECF No. 36-1 at Ex. B at 1.)

Even looking at Defendant's Answer, it also provides little clarity on this issue. In response to paragraph 5 in the Complaint, the Answer reads as follows: "Defendant admits that he is an attorney and was appointed Administrator CTA and Attorney for the Estate, and that his office is located at the address indicated." (ECF No. 5 ¶ 5.)

4

at Law, who allegedly maintains a place of business at 245 Broadway, Paterson, New Jersey 07501. An address or business address is not sufficient to establish citizenship . . . even assuming that plaintiff has adequately alleged a residence or business location, Defendant's citizenship is not stated.") Likewise, here—where the only basis for this Court's subject matter jurisdiction is diversity—the only information presented to the Court that complete diversity exists is that Defendant's law firm is in New Jersey and that Defendant is admitted to practice law in New Jersey. His citizenship has not been pled. It is not apparent to the Court that complete diversity exists given this defect.

Accordingly, the parties are ordered to show cause within twenty (20) days of this Memorandum Order as to why the Complaint should not be dismissed for lack of subject matter jurisdiction on the basis of lack of complete diversity. Defendant's motion for summary judgment, (ECF No. 80), is administratively terminated and shall be reopened if complete diversity is sufficiently shown.

**IT IS** on this 2nd of December, 2024, **ORDERED** that:

1. The parties are ordered to show cause within twenty (20) days of this Memorandum Order as to why complete diversity exists and the Court's subject matter jurisdiction in this matter is appropriate; and

2. The Clerk of the Court shall administratively terminate the motion for summary judgment, (ECF No. 80), without prejudice to the ability to reopen this Motion pending the resolution of the jurisdictional questions outlined herein.

                                                                        **ROBERT KIRSCH**
                                                                        **UNITED STATES DISTRICT JUDGE**